UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE A. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3326-MMM |
| | ) |
| SHAWN KAHL, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding pro se, pursues a § 1983 claim alleging inhumane conditions of confinement at the Macoupin County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff, a federal detainee, alleges that on November 8, 2020, he tested positive for the COVID-19 virus while detained at the Jail. Plaintiff asserts that Defendants have failed to follow CDC guidelines which have been implemented by the Bureau of Prisons at the various federal prisons. Plaintiff reveals that he is an amputee and suffers from asthma, diabetes, hypertension, and heart issues. He characterizes the Jail as being a "major disaster area" and asserts that

1

Defendants have not taken adequate steps to control or prevent the spread of the virus. Plaintiff also alleges that he has not received any medical treatment for his symptoms.

In his complaint, however, Plaintiff reveals that he did not exhaust his available administrative remedies before filing. This was so, as Plaintiff believed the administrative remedies process was "inadequate or ineffective." As Plaintiff is a prisoner in custody, he is subject to the provisions of the Prisoner Litigation Reform Act which require an inmate to exhaust prior to filing suit. 42 U.S.C.§ 1997(e)(a). The Seventh Circuit Court of Appeals has followed a very strict approach regarding exhaustion and requires that an inmate pursue all available administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Id* at 1025.

Generally, "exhaustion is an affirmative defense that ordinarily should be raised—and must be proven—by the defendant." *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A district court may, however, dismiss at screening for failure to exhaust if the failure "is so plain from the face of the complaint that the suit can be regarded as frivolous. But the defense must be unmistakable…" *Boyce,* 661 Fed.Appx at 443 (internal citations omitted).

While Plaintiff believed the administrative remedies process would ultimately prove futile, there is no futility exception to the exhaustion requirement. *Massey v. Helman*, 259 F.3d 641, 646 (7th Cir. 2001) citing *Booth v. Churner*, 121 S.Ct. 1819 (2001). It is, therefore, clear that Plaintiff failed to exhaust those administrative remedies which were available to him and his complaint must be dismissed. *Pozo*, 286 F.3d at 1025.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice, for failure to exhaust. 42 U.S.C.§ 1997(e)(a); *Pozo*, 286 F.3d 1025.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

  1/20/2021                                                                         s/Michael M. Mihm
ENTERED                                                                        MICHAEL M. MIHM
                                                                                UNITED STATES DISTRICT JUDGE